**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Jonathan L. Hull ) | 3:21-CV-00300 (KAD) |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| Amanda R. Hull, et al, ) | |
| *Defendants*. ) | March 10, 2021 |

**ORDER DISMISSING CASE**

Kari A. Dooley, United States District Judge

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) the Court shall dismiss a case "at any time if the court determines that . . . the action or appeal is frivolous[.]" A claim is frivolous if it is without legal or factual basis. *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). "[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee," and even where Section 1915 was never invoked. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (per curiam); *see also Storm-Eggink v. Gottfried*, 409 F. App'x 426, 427 (2d Cir. 2011) (summary order) ("A district court has the inherent authority to dismiss an action as frivolous, regardless of whether the plaintiff has been granted leave to proceed *in forma pauperis*.").

Plaintiff Jonathan Hull brings this case *pro se* against his ex-wife Amanda Hull and his former in-laws, Karen and Jon Martel. He describes his claims as ongoing since 2015 and simply refers the Court to a prior case he commenced in this district by docket number as the basis for his claims. Although he cites an incorrect docket number, the Court has located Plaintiff's prior case at 3:18-cv-310 (JCH). And Plaintiff did indeed bring claims against these defendants in the prior action. The prior action involved many other defendants as well and a very broad array of allegations. In this matter, Plaintiff asserts federal question subject matter jurisdiction and cites 18

U.S.C. § 16 "Hate Crime (Kidnapping is a crime of violence, and therefore falls within Hate Crime Statute)," 18 U.S.C. § 1201 Kidnapping and the Fourteenth Amendment to the United States Constitution.

As was previously explained to Plaintiff in the prior action, "crimes are prosecuted by the government, not by private parties." *Hill v. Didio*, 191 F. App'x 13, 14–15 (2d Cir. 2006) (summary order). The court dismissed with prejudice, *inter alia*, Plaintiff's claims of "kidnapping (which is a hatecrime as it was done through racial hatred of Jonathan L. Hull)." *Hull v. Martel*, 3:18-cv-310 (JCH), ECF No. 49 at 14, *adopted by*, October 12, 2018 Order, ECF No. 50. The court further cautioned Plaintiff that if he amended his complaint in the prior action (which he did not do), he could face sanctions if he re-pleaded violations of the penal code to include claims of kidnapping and kidnapping as a hate crime. *Id*. at 42. In the prior action, the Plaintiff also asserted various constitutional claims pursuant to 42 U.S.C. § 1983. However, as he does in this matter, he asserted these claims against persons and entities that are not "state actors" and who were not, therefore properly sued under Section 1983. Again, the court previously explained, "[t]o state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014). The court then dismissed with prejudice the Section 1983 claims against, *inter alia*, Jon and Karen Martel, the defendants named herein. *Hull*, 3:18-cv-310 (JCH), ECF No. 49 at 22–23. And although Amanda Hull had been dismissed from the prior action before the Court dismissed these claims, the law and reasoning is equally applicable to Amanda Hull in this action. The Plaintiff's spartan additional allegations, "Amanda R. Hull, Jon Martel, and Karen Martel have prevented two minor children from seeing their father for 9 months. As part of a hate crime, criminal consipircy (sic) with domestic terrorist -kkk/neonazi-organizations and local and state government

2

officials – long history of abuse by defendants and at residence," (ECF No. 1 at 5), do not revive his prior claims nor state a claim for relief that can be granted now.

For the foregoing reasons, the Court dismisses this matter as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of March 2021.

        */s/ Kari A. Dooley*
        KARI A. DOOLEY
        UNITED STATES DISTRICT JUDGE